**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TERESITA F. TAMAYO, )
                                      Plaintiff, )     Case No.: 2:17-cv-00076-GMN-PAL
         vs. )
                                              )     **ORDER**
STATE OF NEVADA, *et al.*, )
                                      Defendants. )
                                                  )

Pending before the Court is pro se Plaintiff Teresita F. Tamayo's ("Plaintiff") Writ of Error, (ECF No. 9), concerning the Court's Minute Order, (ECF No. 4), and the Court's Order dismissing the action without prejudice, (ECF No. 6).

Also pending is Plaintiff's Motion for Default Judgment, (ECF No. 10). Defendant Select Portfolio Servicing, Inc. ("Defendant") filed a Response, (ECF No. 11), and Plaintiff filed a Reply, (ECF No. 13).

In addition, pending before the Court is Defendant's Motion to Strike, (ECF No. 16). Plaintiff filed a Response, (ECF No. 17), and Defendant filed a Reply, (ECF No. 18). For the reasons discussed herein, Plaintiff's Writ of Error and Motion for Default Judgment are **DENIED** and Defendant's Motion to Strike is **GRANTED**.

**I.**    <u>**BACKGROUND**</u>

Plaintiff filed the instant action on January 9, 2017, (ECF No. 1). On January 11, 2017, the Court ordered Plaintiff to show cause as to why the Court should not dismiss the action for Plaintiff's failure to satisfy the requirements of diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 4). Plaintiff failed to respond by the Court's deadline and the Court subsequently dismissed the case without prejudice on January 31, 2017. (ECF No. 6). On April 24, 2017,

1  Plaintiff filed a Motion for Default Judgment. (ECF No. 10).

2  Plaintiff also filed three documents including a Motion entitled "Writ of Error Qua
3  Corum Nobis," (ECF No. 9), and two Notices entitled "Conditional Acceptance," (ECF No.
4  14), and "Ruling & Judgment," (ECF No. 15).  In each of these three documents, Plaintiff
5  purports to sign as though she has authority to act on behalf of the Court.  Specifically, the
6  three documents begin with the wording "[c]omes now the court," or "[t]he Court comes now."
7  (*See* Mot., ECF No. 9); (Notice, ECF No. 14); (Notice, ECF No. 15).  All three filings end with
8  Plaintiff's signature under the wording "The Court," and contain a seal purporting to be the
9  Court's seal. (*See* Mot. 14, ECF No. 9); (Notice 5, ECF No. 14); (Notice 5, ECF No. 15).

## II. **PLAINTIFF'S WRIT OF ERROR**

Plaintiff filed a document under the heading "Writ of Error Qua Corum Nobis Residant Re: Minute Order," (ECF No. 9).[1]  Plaintiff appears to be seeking reconsideration of the Court's Minute Order, (ECF No. 4), and the Court's subsequent Order of dismissal, (ECF No. 6). (*See* Mot. ¶ 1, ECF No. 9).  In light of Plaintiff's status as a pro se litigant, the Court will liberally construe Plaintiff's filing as a Motion for Reconsideration. *See Middleton v. Omely Telecom Corp.*, No. 2:16-cv-01369-JAD-GWF, 2017 WL 5559913, at *2 (D. Nev. Nov. 16, 2017); *see also Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). Reconsideration is appropriate where: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3)

---

[1] *Coram nobis* relief, an extraordinary remedy in the criminal law context, is inapplicable in civil cases such as the instant matter. *See Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987) ("Although Federal Rule of Civil Procedure 60(b) expressly abolishes the writ of *coram nobis* in civil cases, the extraordinary writ still provides a remedy in criminal proceedings where no other relief is available and sound reasons exist for failure to seek appropriate relief.").

if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). However, a motion for reconsideration is not a mechanism for rearguing issues presented in the original filings. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). Furthermore, although the court enjoys discretion in granting or denying a motion under this rule, "amending a judgment after its entry remains an extraordinary remedy which should be used sparingly." *Allstate Ins. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal quotation marks and citation omitted).

The Court finds that there was no error in the Court's Order instructing Plaintiff to show cause as to why the action should not be dismissed for failure to satisfy the requirements of 28 § U.S.C. 1332. Plaintiff's Complaint alleges only state causes of action and fails to provide a statement regarding the grounds for the Court's jurisdiction pursuant to Federal Rule of Civil Procedure 8(a). (*See* Compl., ECF No. 1). Accordingly, the Court ordered Plaintiff to show cause by identifying the basis for the Court's jurisdiction. (*See* ECF No. 4). Plaintiff failed to comply with the Court's deadline and the Court subsequently dismissed the case, (ECF No. 6). There was no error in the Court's Order and, therefore, Plaintiff's Motion is denied.

### III. PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff's Motion for Default Judgment, (ECF No. 10), is without merit. The case had already been closed at the time of Plaintiff's Motion in light of Plaintiff's failure to show cause. (*See* ECF No. 6). Accordingly, Plaintiff's Motion for Default Judgment is denied.

### IV. DEFENDANT'S MOTION TO STRIKE

Defendant moves the Court to strike Plaintiff's Writ of Error, (ECF No. 9), as well as Plaintiff's Notices entitled "Conditional Acceptance," (ECF No. 14), and "Ruling & Judgment," (ECF No. 15). (*See* Mot. to Strike, ECF No. 16). While Federal Rule of Civil Procedure 12(f) provides that a court may strike "redundant, immaterial, impertinent, or scandalous matter" from a pleading, it does not apply to other documents filed with the court.

1 | *See* Fed. R. Civ. P. 12(f).  Nonetheless, it is well established that district courts have inherent power to control their own dockets, and this authority "includes the power to strike items from the docket as a sanction for litigation conduct." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). "Such power is indispensable to the court's ability to enforce its orders, manage its docket, and regulate insubordinate attorney conduct." *Wallace v. U.S.A.A. Life General Agency, Inc.*, 862 F. Supp. 2d 1062, 1068 (D. Nev. 2012).

Defendant requests that this Court strike three of Plaintiff's filings on the basis that Plaintiff "signed as if she has authority to act on behalf of 'The Court,'" (Mot. to Strike 2:25–26).  Defendant argues that Plaintiff "should not be allowed to impersonate the officers of this Court in connection with this case (or any matter)." (*Id.* 5:3–5).  In addition, Defendant points out that in these filings, "Plaintiff generally includes a defamatory diatribe regarding [opposing] counsel, or the officers of the Court." (*Id.* 3:1–3).  Defendant asserts that these filings have been "submitted to the Clerk for improper purposes of creating fraudulent documents on which [Plaintiff] presumably intends to use to confuse the public, and hold herself out as an officer of the Court." (*Id.* 4:15–17).  The Court agrees and will grant Defendant's Motion to Strike.[2]

///
///
///
///
///
///
///

---

[2] The Court will also strike Plaintiff's Response to Defendant's Motion to Strike, (ECF No. 17), in which Plaintiff further impersonates the Court and purports to admonish opposing counsel.

## V. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Writ of Error, (ECF No. 9), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment, (ECF No. 10), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike, (ECF No. 16), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to **STRIKE** Plaintiff's Writ of Error, (ECF No. 9), Notice re: Conditional Acceptance, (ECF No. 14), Notice re: Ruling & Judgment, (ECF No. 15), and Plaintiff's Response to Defendant's Motion to Strike, (ECF No. 17).

**DATED** this __28__ day of February, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge